IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUNDRA MATTHEWS | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-10-CV-1652-O-BD |
| WELLS FARGO BANK, N.A., ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a motion for summary judgment in this *pro se* civil action brought by Shaundra Matthews arising out of foreclosure proceedings initiated against her property. In her most recent pleading,[1] plaintiff generally alleges that defendants had no authority to foreclose on her home because she did not sign a contract with Wells Fargo, the entity that initiated foreclosure proceedings and purchased the property at sale. Based on this conduct, plaintiff sues for wrongful foreclosure, fraud, and fraudulent inducement. Wells Fargo now moves for summary judgment as to all claims and causes of action. Plaintiff was ordered to file a response to the motion by May 6, 2011, but failed to do so. The court therefore decides the motion without a response.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See*

---

[1] Plaintiff's operative pleading is the original petition she filed in Texas state court before Wells Fargo removed the case to federal court.

*Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the nonmovant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Judged against this standard, the court determines that plaintiff cannot prevail on her wrongful foreclosure claim. Texas law defines a wrongful foreclosure as one in which an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property. *See Hyter v. Fremont Investment & Loan*, No. 3-10-CV-1598-BD, 2011 WL 1781940 at *1 (N.D. Tex. Mar. 29, 2011) (citing cases). To recover damages for common-law wrongful foreclosure, the plaintiff must prove that defendant either: (1) failed to comply with statutory or contractual terms, or (2) complied with such terms, yet took affirmative action that detrimentally affected the fairness of the foreclosure proceedings. *Id.* Here, plaintiff alleges that defendants wrongfully foreclosed on her property because she did not contract with Wells Fargo and there is no evidence that the bank had authority to receive payments, initiate foreclosure proceedings, or purchase the property at sale. (*See* Plf. Orig. Pet. at 1-2). However, Wells Fargo was the assignee of a promissory note and Deed of Trust

executed by plaintiff, and had authority under these instruments to initiate foreclosure proceedings and purchase the property at sale. The undisputed summary judgment evidence shows that plaintiff executed a $164,377 fixed rate note in favor of SFMC, L.P. ("SFMC") on or about June 28, 2005. (*See* Def. MSJ App. at 4-6). The note was secured by a Deed of Trust covering plaintiff's interest in the property located at 1261 Longleaf Drive, Cedar Hill, Texas. (*Id.* at 7-17). Under the terms of the note and Deed of Trust, the instruments may be transferred and assigned to a third-party, and the successor or assignee of the instruments may foreclose on the property and invoke the power of sale if plaintiff defaults. (*See id.* at 4, ¶ 1 & *id.* at 11-12, ¶¶ 12, 18). Prior to foreclosure, SFMC endorsed and assigned the note and Deed of Trust to Wells Fargo. (*Id.* at 18-20). Thus, Wells Fargo had authority to initiate foreclosure proceedings upon default by plaintiff and to purchase the property at sale.[2]

Nor can plaintiff prevail on her claims for fraud and fraudulent inducement. The essential elements of both claims are a "material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998), *quoting Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994); *see also My Cafe-CCC, Ltd. v. Lunchstop, Inc.*, 107 S.W.3d 860, 866 (Tex. App.--Dallas 2003, no pet.) (noting that elements of fraud and fraudulent inducement are the same). It appears that these fraud claims are based on statements allegedly made by defendants and their attorneys that Wells Fargo had a contract with plaintiff and that plaintiff owed Wells Fargo money. (*See* Pet. Orig. Pet. at 5, ¶ 20). As assignee of the note and

---

[2] Significantly, plaintiff does not allege that she was not in default or was not given an opportunity to cure the default. Nor does plaintiff identify any irregularity in the foreclosure proceeding. Her sole complaint appears to be that she did not sign a contract with Wells Fargo.

Deed of Trust, Wells Fargo had authority to receive payments from plaintiff, to foreclose on the property, and to purchase the property at sale. Without evidence that Wells Fargo or its agents made material misrepresentations in connection with the foreclosure proceedings, or that plaintiff relied on any false representations to her detriment, plaintiff cannot establish the elements of fraud or fraudulent inducement. *See Hyter*, 2011 WL 1781940 at *2.

## RECOMMENDATION

Wells Fargo's motion for summary judgment [Doc. #13] should be granted. All claims against this defendant should be dismissed with prejudice. Because there is no just reason for delay, the court should issue a final judgment in favor of Wells Fargo pursuant to Fed. R. Civ. P. 54(b).[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] Two other defendants, Solutions Funding Mortgage Company ("SFMC") and Barrett, Daffin, Frappier, Turner & Engel, LLP ("the Barrett Firm"), have not moved for summary judgment. Although plaintiff also sues Mortgage Electronic Registration Systems, Inc. ("MERS"), there is no indication that this defendant has been served with process.

DATED: May 27, 2011.

                                                */s/ Jeff Kaplan*
                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE