IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUNDRA MATTHEWS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1652-O-BD |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On May 27, 2011, the court ordered plaintiff to show cause why her claims against Mortgage Electronic Registration Systems, Inc. ("MERS") should not be dismissed without prejudice for failure to effect service. *See* Order, 5/27/11 at 1, *citing* FED. R. CIV. P. 4(m) (requiring plaintiff to effect proper service on defendants within 120 days after complaint is filed). A written response to the show cause order was due by June 10, 2011. *Id.* Plaintiff was warned that her claims against MERS would be dismissed without further notice unless she demonstrated good cause for failing to serve this defendant with a summons and a copy of the complaint. *Id.* To date, plaintiff has not responded to the show cause order. Accordingly, her claims against MERS should be dismissed without prejudice.

**RECOMMENDATION**

Plaintiff has failed to demonstrate good cause for failing to properly serve MERS within 120 days after her complaint was filed. Because plaintiff does not request an opportunity to cure any defects in service, her claims against this defendant should be dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE