IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHAUNDRA MATTHEWS §
 §
 Plaintiff, §
 §
VS. § NO. 3-10-CV-1652-O-BD
 §
WELLS FARGO BANK, N.A., §
ET AL. §
 §
 Defendants. §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shaundra Matthews, who is appearing *pro se*, was twice ordered to participate in the preparation of a joint status report, and to show cause why sanctions should not be imposed for violating those orders. Because plaintiff has not responded to the show cause order, her pleadings should be stricken and her remaining claims dismissed with prejudice.

I.

On July 29, 2010, plaintiff sued defendants in Texas state court for wrongful foreclosure, fraud, and fraudulent inducement in connection with foreclosure proceedings initiated against her property. After removing the case to federal court, one of the defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), filed a motion for summary judgment. That motion was granted. *Matthews v. Wells Fargo Bank, N.A.*, No. 3-10-CV-1652-O-BD, 2011 WL 2429153 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2429152 (N.D. Tex. Jun. 15, 2011). Two other defendants, Solutions Funding Mortgage Company ("SFMC") and Barrett Dafin Frappier Turner & Engel, LLP ("the Barrett Firm"), did not file a motion for summary judgment by the deadline set forth in the

scheduling order. On May 27, 2011, the court ordered plaintiff, SFMC and the Barrett Firm to submit a joint status report addressing certain trial-related matters by June 10, 2011. The order provides that anyone who fails to sign the report will be subject to sanctions. *See* Order, 5/27/11 at 2. When SFMC and the Barrett Firm submitted a status report that was not signed by plaintiff, the court issued another order requiring the parties to submit a joint status report in proper form by June 21, 2011. Once again, the court warned that "[a]ny party who fails to comply with this order will be subject to sanctions, including an order striking pleadings and dismissing this action or entering a default judgment, as appropriate." *See* Order, 6/13/11 at 1-2, *citing* FED. R. CIV. P. 16(f)(1). Despite this warning, plaintiff did not sign the second status report submitted by SFMC and the Barrett Firm. In a certificate of conference attached to their report, SFMC and the Barrett Firm advised the court that plaintiff had not returned multiple telephone calls seeking her input regarding the report. The court then ordered plaintiff to show cause why sanctions should not be imposed for failing to participate in the preparation of a joint status report. Plaintiff was directed to file a written response to the show cause order by July 6, 2011, and warned that "[t]he failure to comply with this order may result in the imposition of sanctions, including an order striking plaintiff's pleadings and dismissing this action with prejudice." *See* Order, 6/22/11 at 1-2, *citing* FED. R. CIV. P. 16(f)(1). Although a copy of the show cause order was sent to plaintiff at her address, she failed to file a response as required.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

* * * *

    (C)  fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

  The record in this case documents a clear history of delay and contumacious conduct by plaintiff. Not only did plaintiff twice fail to participate in the preparation of a joint status report, but she did not file a written response to the court's show cause order. Plaintiff was warned on three different occasions that her failure to comply with court orders may result in the imposition of sanctions. *See* Orders, 5/27/11, 6/13/11, 6/22/11. Two of those warnings specifically advise that such sanctions may include an order striking pleadings and dismissing this action. *See* Orders, 6/13/11, 6/22/11. Under these circumstances, extreme sanctions are warranted. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's

orders); *Griffin v. Wilshire Credit Corp.*, No. 3-09-CV-2464-N, 2010 WL 2301743 at *2-3 (N.D. Tex. May 14, 2010), *rec. adopted*, 2010 WL 2301725 (N.D. Tex. Jun. 4, 2010) (complaint stricken and case dismissed with prejudice where *pro se* plaintiff failed to participate in preparation of joint status report and appear at show cause hearing); *Peoples v. City of Dallas*, No. 3-10-CV-0190-O, 2010 WL 1542176 at *2-3 (N.D. Tex. Mar. 25, 2010), *rec. adopted*, 2010 WL 1542179 (N.D. Tex. Apr. 16, 2010) (same where *pro se* plaintiff failed to attend Rule 16 conference and show cause hearing); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *2 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010) (same); *Petito v. Brewster*, No. 3-08-CV-0006-L, 2008 WL 906065 at *4 (N.D. Tex. Mar. 31, 2008), *aff'd*, 562 F.3d 761 (Table), 2009 WL 682392 (5th Cir. Mar. 17, 2009) (pleadings stricken and case dismissed where *pro se* plaintiff failed to appear at two hearings without justification or excuse); *Eric D. Fein, P.C. & Assoc. v. Dinli Metal Industrial Co.*, No. 3-07-CV-0012-K, 2007 WL 1741249 at *2 (N.D. Tex. Jun. 14, 2007) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (same); *Gonzales v. HT&T Architects, Inc.*, No. 3-98-CV-0190-BD, 1998 WL 574381 at *2 (N.D. Tex. Aug. 31, 1998) (default judgment entered against defendant for failure to obtain counsel or appear at conference).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

## RECOMMENDATION

Plaintiff failed to comply with two orders requiring her to participate in the preparation of a joint status report, and an order requiring her to file a written response to a show cause order -- all without justification or excuse. As a result, her pleadings should be stricken and her remaining claims against SFMC and the Barrett Firm dismissed with prejudice. *See* FED. R. CIV. P. 16(f)(1) & 37(b)(2)(A)(iii) & (v).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 8, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE